UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARON R. HAMMER and JAMES R. DONOVAL, husband and wife,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SUN VALLEY; NILS RIBI, in his individual and official capacity; and DEWAYNE BRISCOE, in his individual and official capacity,<br><br>　　　　　　Defendants. | Case No. 1:13-CV-00211-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Pending before the Court in the above-entitled matter are Plaintiffs' Motion for Reconsideration, Plaintiffs' Renewed Motion to Amend/Correct the Scheduling Order and Motion for Leave to Amend the Complaint, and Motions for Summary Judgment filed by both sides. (Dkts. 44, 45, 47, 48.) These matters are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Sharon R. Hammer and James R. Donoval, husband and wife, filed a Complaint against Defendant City of Sun Valley ("Sun Valley" or "the City") as well as Defendants Nils Ribi and DeWayne Briscoe in both their individual and official capacity. (Dkt. 1.) The Complaint raised fourteen claims relating to allegations concerning events occurring during and after Ms. Hammer's employment as the City Administrator of Sun Valley from June 1, 2008 until January 19, 2012. (Dkt. 1.) Defendants filed a Motion for a Judgment on the Pleadings seeking to dismiss all but two of the claims pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 18, 41.) This Court entered a Memorandum Decision and Order granting the Defendants' Motion for Judgment on the Pleadings as to Counts 1-8, 10, and 12-14. (Dkt. 41.)[1] The claims remaining for trial are Counts 9 and 11 alleging a § 1983 claim of Deprivation of Due Process against all Defendants and Assault of Ms. Hammer against Mr. Ribi individually. Thereafter, Plaintiffs filed the instant Motion for Reconsideration and Motion to Amend. (Dkt. 44, 45.) Both sides have also filed Motions for Summary Judgment. (Dkt. 47, 48.) The Court finds as follows.

## STANDARD OF LAW

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged

---

[1] The Court's Order provides a full recitation of the factual basis underlying this matter that is incorporated herein.

**MEMORANDUM DECISION AND ORDER - 2**

judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [the party] unable to prosecute [its] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

**1.  Motion for Reconsideration**

Plaintiffs argue the Court should reconsider its ruling granting the Motion for a Judgment on the Pleadings for seven reasons. (Dkt. 44.) Several of those reasons were raised previously in Plaintiffs' briefing on the Motion for Judgment on the Pleadings. (Dkt. 21.) In particular the Plaintiffs' arguments that 1) any prospective waiver of constitutional rights

**MEMORANDUM DECISION AND ORDER - 3**

violates public policy, 2) there was no consideration paid for the release of the constitutional/non-contract claims, 3) Defendants Ribi and Briscoe are individually liable, and 4) Mr. Donoval has an independent claim not subject to the Supplemental Release. (Dkt. 21.) The Court finds these arguments were appropriately addressed in its prior Order and Plaintiffs have offered no basis under Rule 60 for reconsideration of the same. As such, the Court denies the Motion to Reconsider as to these arguments. As to the remaining arguments, the Court finds as follows.

### A. Rule 12(c) Motion

Plaintiffs argue the Rule 12(c) Motion was not the proper mechanism for the circumstances in this case because it was based on the Defendants' affirmative defense and the Supplemental Release which was an attachment to their Answer; not an insufficiency in the Plaintiffs' Complaint itself. (Dkt. 44.) The Supplemental Release was not, Plaintiffs contend, even mentioned in the Complaint. Defendants maintain the Court's consideration of the Supplemental Release in ruling on the Motion was proper. (Dkt. 51 at 3.) The Court has again reviewed the record in regards to this argument and finds as follows.

The Complaint itself discusses the Employment Agreement which was attached to the Complaint. (Dkt. 1-5, Ex. 4.) In their Answer, Defendants discuss the Supplemental Release and raise an affirmative defense that some or all of Plaintiffs' claims are barred by release and/or payment. (Dkt. 11 at ¶ 21 and Ex. A.) After the Motion for Judgment on the Pleadings was filed, Plaintiffs requested that the Motion be converted to one for summary judgment in regards to the "waiver argument." (Dkt. 21 at 36) (Dkt. 22.) The Court denied the Plaintiffs'

**MEMORANDUM DECISION AND ORDER - 4**

request and found that it could properly consider documents attached to the pleadings on a Rule 12(c) Motion without converting it to a motion for summary judgment. (Dkt. 41 at 7-8.) In doing so, the Court specifically stated that it has not considered any extrinsic evidence because the motion before the Court was a legal question going to the sufficiency of the pleadings. (Dkt. 41 at 8.)

The Court has reviewed its prior Order in light of the parties' briefing on the Motion to Reconsider and concludes, that based on the reasoning stated therein, that it properly considered the Supplemental Release in ruling on the Rule 12(c) Motion. In ruling on such a motion to dismiss, the Court may consider the pleadings, documents attached to the pleadings, and documents incorporated by reference in the pleadings. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)). The court considered only these materials in ruling on Defendants' Rule 12(c) motion for dismissal on the pleadings. Furthermore, the Court properly articulated that the standard for a Rule 12(c) motion is the same as the standard governing a Rule 12(b)(6) motion, which Plaintiffs do not contest. The Court applied that standard in ruling on the Defendants' Rule 12(c) Motion in this case. Accordingly, the Court denies Plaintiffs' Motion to Reconsider.

**B.     Interpretation of the Supplemental Release and Employment Agreement**

Plaintiffs argue the Court erred in its review and interpretation of the Supplemental Release and the Employment Agreement. (Dkt. 44.) Specifically, Plaintiffs argue because the Court went outside of the four corners of the Supplemental Release by using the Employment

**MEMORANDUM DECISION AND ORDER - 5**

Agreement to interpret the terms of the Supplemental Release, the Court should have also considered the extraneous materials provided by the Plaintiffs. Further, Plaintiffs now argue the Supplemental Release contained a latent ambiguity. Defendants respond arguing the language of the two documents is plain and unambiguous and, therefore, the Court properly declined to look at extrinsic evidence. (Dkt. 51 at 6.)

The Court concluded in its Order that the Employment Agreement and Supplemental Release are clear and unambiguous. (Dkt. 41 at 11.) The Court then went on to find that the express unambiguous language plainly, clearly, and unambiguously waived and/or released Ms. Hammer's claims arising from a termination without cause. (Dkt. 41 at 13.) That Plaintiffs disagree with this conclusion (Dkt. 44 at 6), does not give rise to a basis for reconsideration under Rule 60. Further, the Court's ruling rejected Plaintiffs' argument raised again in this Motion that the terms were ambiguous and that the Court should have considered the Plaintiffs' testimony because there were questions of fact as to their intent. As such, this is not a basis for reconsideration.

Plaintiffs' argue that a latent ambiguity exists as to the intent of the parties when they entered into the Employment Agreement which requires that this Court consider extrinsic evidence when determining the intent of the parties. (Dkt. 44 at 8-9.) A "latent ambiguity" exists where an instrument is clear on its face, but loses that clarity when applied to the facts at issue." *Knipe Land Co. v. Robertson*, 259 P.3d 595, 601 (Idaho 2011). "Although parol evidence generally cannot be submitted to contradict, vary, add or subtract from the terms of a written agreement that is deemed unambiguous on its face, there is an exception to this

**MEMORANDUM DECISION AND ORDER - 6**

general rule where a latent ambiguity appears." *Id.* (citing *Salfeety v. Seideman (In re Estate of Kirk)*, 907 P.2d 794, 801 (Idaho 1995)).

In this case, however, the Court determined that the contract was unambiguous. (Dkt. 41.) Where the contract is unambiguous, the intent of the parties is determined from the plain meaning of the words. *Clear Lakes Trout Co. Inc. v. Clear Springs Foods, Inc.*, 106 P.3d 443, 446 (Idaho 2005). Again, the fact that Plaintiffs disagree with that conclusion does not create an ambiguity nor give rise to a basis for reconsideration.

### C. Claims Not Arising out of the Termination

Plaintiffs argue the Court mistakenly dismissed claims that did not arise out of the termination of employment; such as claims that arose before and after Ms. Hammer's employment ended and which are completely separate from her termination including Counts 1-6, 8, and 10. Plaintiffs assert that the Supplemental Release, as interpreted by the Court, is limited to claims arising from a termination without cause. (Dkt. 44 at 9-10.)[2]

In their initial briefing on the Motion to Dismiss, Defendants distinguish between waiver and release of claims. (Dkt. 27.) As to the former, Defendants argued that at the time she executed her Employment Agreement, Ms. Hammer waived the claims arising from a termination without cause under Section 3.A. (Dkt. 27 at 2.) Specifically, the state-law based

---

[2]Plaintiffs' reply brief does not include Count 6 – retaliation relating to Plaintiffs' political association – in its argument on this point, citing only to Counts 1-5, 8, and 10. (Dkt. 57 at 7.) This claim goes to allegations of hostile actions by the Defendants towards Mr. Donoval in the summer of 2010 when he ran for the state senate and Mr. Donoval's involvement representing Ms. Hammer in this case beginning in November of 2011 and extending through January of 2012. (Dkt. 1 at 69-72.)

**MEMORANDUM DECISION AND ORDER - 7**

claims for retaliation, breach of contract, and negligent infliction of emotional distress (Counts 2, 13, 14) and the constitutional based claims (Counts 3, 4, 6-8, 10, and 12) which Defendants argued were plead to be resulting from her termination without cause. (Dkt. 27 at 2.) Defendants further argue that Ms. Hammer released all claims when she accepted receipt of the severance payment on January 23, 2012. (Dkt. 27 at 3.) This release, Defendants contend, was of all claims irrespective of whether the claim arose from a termination without cause. Defendants agree, however, that she did not release any claims that did not yet exist; which is why they did not seek dismissal of the liberty interest claim raised in Count 9 or the state law assault claim in Count 11. (Dkt. 27 at 4.)

The Court's Order concluded that the express and unambiguous language of the Release and Employment Agreement was that Ms. Hammer had waived and/or released "any and all claims for damages of any kind arising from a termination without cause...." (Dkt. 41 at 13.) The Court dismissed all of the claims except Count 9 and 11 because the facts giving rise to those claims appeared to have arose after Ms. Hammer signed the release and/or were unrelated to the termination of employment.

Now on reconsideration, Plaintiffs argue the claims raised in Counts 1-6, 8, and 10 arise from facts other than the termination without cause and/or facts that occurred after Ms. Hammer signed the release. (Dkt. 44 at 10-11.) In particular, Plaintiffs point to the claims stemming from the publications in the newspaper about the investigation into Ms. Hammer, the forensic audit and its relation to Ms. Hammer, and the pursuit of criminal charges.

**MEMORANDUM DECISION AND ORDER - 8**

Counts 1 and 2 allege gender discrimination/harassment and retaliation against Sun Valley relating to Mr. Ribi's actions towards Ms. Hammer. (Dkt. 1 at 58-60.) Counts 3-6 allege retaliation against all Defendants under § 1983. (Dkt. 1 at 61-72.) Both Counts 8 and 10 are alleged against all defendants claiming unconstitutional bias deprivation of property and civil conspiracy under § 1983 and § 1985. (Dkt. 1 at 73-76, 78-79.) These claims were dismissed as they are based primarily on allegations related to Ms. Hammer's termination which the Court determined had been waived/released. Furthermore, the § 1983 claim in Count 9, which was not dismissed, encompasses the claims and allegations which Plaintiffs argue on reconsideration should have survived the Motion to Dismiss. For these reasons, the Court finds Plaintiffs have failed to show a basis for granting their Rule 60 Motion to Reconsider.

**2.     Renewed Motion to Amend**

Plaintiffs have filed a renewed Motion to Amend the Scheduling Order and to file an amended complaint. (Dkt. 45, 58.) In this Motion, Plaintiffs ask that the Scheduling Order be amended so as to allow them to file their Motion to Amend the Complaint. Plaintiffs argue good cause exists to amend the Scheduling Order to allow Plaintiffs to correct the deficiency in their pleadings as found by the Court in its June 17, 2014 Order granting the Rule 12(c) Motion. Defendants argue that good cause has not been shown to allow amendment to the scheduling order and that their proposed amended complaint is futile. (Dkt. 52.)

**MEMORANDUM DECISION AND ORDER - 9**

The Court will allow amendment of the Scheduling Order and consider the Plaintiffs' Motion to Amend the Complaint. While Defendants are correct that the original complaint draws upon evidence that occurred some time ago and that an amendment could have been raised sooner, the Court finds good cause exists to allow the amendment to the Scheduling Order so that the Motion to Amend the Complaint can be decided on the merits.

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

The proposed amended complaint in this case contains additional allegations at ¶ 266 and ¶ 267. (Dkt. 45.) These paragraphs, Plaintiffs argue, address the lack of any allegations regarding their intent as to the City Administrator Employment Agreement and Release. Defendants' assert that the proposed amended complaint is futile as it does not cure the deficiencies found in the Court's Order dismissing all but two of the claims. (Dkt. 52.) Specifically, Defendants argue the new materials included in and with the proposed amended complaint are inadmissible parol evidence and irrelevant to resolving the basis for the

**MEMORANDUM DECISION AND ORDER - 10**

dismissal of those claims. As such, Defendants contend, leave to amend is futile and should be denied. Plaintiffs maintain that because the Court considered the employment agreements when interpreting the Release, it should have considered all of the patrol evidence including that submitted by Plaintiffs. (Dkt. 58.)

The Plaintiffs' arguments in support of its Motion to Amend in regards to the consideration of parol evidence and a latent ambiguity are the same as those raised and considered and rejected in the Court's prior Order and herein. For the same reasons, this Court concludes that the Plaintiffs' proposed amended complaint is futile. As such, the Motion to Amend is denied.

### 3. Motions for Summary Judgment

Plaintiffs' Motion for Summary Judgment goes to Counts 8 and 13. (Dkt. 48.) Those counts were dismissed in the Court's June 17, 2014 Order. (Dkt. 41.) As such, the Court finds Plaintiffs' Motion for Summary Judgment to be moot.

Defendants' Motion for Summary Judgment seeks an order as to claims remaining following the Court's June 17, 2014 Order – Counts 9 and 11. (Dkt. 47.) The Court will rule upon Defendants' Motion for Summary Judgment in a separate order in due course.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion for reconsideration (Dkt. 44) is **DENIED**.

2. Plaintiffs' Renewed Motion to Amend the Scheduling Order and Amend the Complaint (Dkt. 45) is **GRANTED IN PART AND DENIED IN PART**.

**MEMORANDUM DECISION AND ORDER - 11**

3. Plaintiffs' Motion for Summary Judgment (Dkt. 48) is **MOOT**.

4. Defendants' Motion for Summary Judgment (Dkt. 47) is **UNDER ADVISEMENT**.

DATED: **July 28, 2015**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 12**