UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARON R. HAMMER and JAMES R. DONOVAL, husband and wife<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF SUN VALLEY; NILS RIBI, in his individual and official capacity; and DEWAYNE BRISCOE, in his individual and official capacity,<br><br>        Defendants. | Case No. 1:13-cv-00211-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter are Plaintiffs' Motions for Reconsideration. (Dkt. 77, 81.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

ORDER - 1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Sharon R. Hammer and James R. Donoval, husband and wife, filed a Complaint against Defendant City of Sun Valley ("Sun Valley" or "the City") as well as Defendants Nils Ribi and DeWayne Briscoe in both their individual and official capacity. (Dkt. 1.) The Complaint raised fourteen claims relating to allegations concerning events occurring during and after Ms. Hammer's employment as the City Administrator of Sun Valley from June 1, 2008 until January 19, 2012. (Dkt. 1.) Defendants filed a Motion for a Judgment on the Pleadings seeking to dismiss all but two of the claims pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 18, 41.) This Court entered a Memorandum Decision and Order granting the Defendants' Motion for Judgment on the Pleadings as to Counts 1-8, 10, and 12-14. (Dkt. 41.) The claims remaining for trial are Counts 9 and 11 alleging a § 1983 claim of Deprivation of Due Process against all Defendants and Assault of Ms. Hammer against Mr. Ribi individually. The Court denied Plaintiffs' Motion for Reconsideration and Motion to Amend. (Dkt. 44, 45, 70.) Both sides also filed Motions for Summary Judgment. (Dkt. 47, 48.) On July 28, 2015, the Court issued an Order granting the Defendants' Motion for Summary Judgment and entering a Judgment in favor of the Defendants. (Dkt. 71, 72.) Plaintiffs have now filed the instant Motions to Reconsider asking this Court to review its Order granting Defendants' summary judgment. (Dkt. 77, 81.) The Court finds as follows.

## STANDARD OF LAW

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion

to reconsider. Federal Rule of Civil Procedure Rule 59 provides a means whereby the Court may order a new trial or alter or amend a judgment. Fed. R. Civ. P. 59.[1] The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (applying reconsideration to a Rule 59 motion to alter or amend a judgment); *see also School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (denying a Rule 59 motion to reconsider a summary judgment ruling). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). Courts in this Circuit have also considered whether the movant makes a convincing showing that the court failed to consider material facts that were presented prior to the court's decision. *See Lyden v. Nike Inc.*, No. 3:13-cv-00662-HZ, 2014 WL 4631206, *1 (D.Or. Sept. 15, 2014) (citing cases).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment;

---

[1] Rule 59 was not included in the Court's prior Order denying Plaintiffs' Motion for Reconsideration because no judgement had yet been entered in this case. (Dkt. 70.) Because a Judgment has now been entered, Rule 59 is appropriate to include in this Order. (Dkt. 72.)

ORDER - 3

or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has stated that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

Plaintiffs seeks reconsideration of the Court's Order granting Defendants' Motion for Summary Judgment in this case arguing 1) the Court improperly relied on two cases in concluding the Defendants were exempt from a liberty interest, stigma-plus claim and 2) the Court erred by finding the stigmatizing statements by Sun Valley officials were merely reporting of the "goings-on" in Sun Valley. (Dkt. 77, 81.) The Defendants counter that the Court's prior ruling is correct, Plaintiffs Motions improperly seek to re-argue summary judgment, the legal authority cited by the Plaintiffs does not support their position, and the

ORDER - 4

factual contentions do not warrant reconsideration. (Dkt. 85.) The Court finds as follows.

**1.      Case Law Regarding Exemption from a Liberty Interest, Stigma-Plus Claim**

Plaintiffs argue the Court improperly relied on *Bishop v. Wood* and *Loehr v. Ventura County Commissioners* as a basis for exempting the Defendants from the liberty interest, stigma-plus claim. (Dkt. 77, 81, 86.) The litigation exemption in *Bishop* and *Loehr* does not apply here, Plaintiffs assert, because the stigmatizing statements made against Ms. Hammer were disclosed after she had filed the original IPPEA case. Plaintiffs contend the Court should have applied the reasoning in the other cases they cite, including *Cullum v. Teton,* in which those courts allowed the claim to go forward. Defendants counter that the Court properly granted summary judgment based on the finding that the stigmatizing statements were not connected to Ms. Hammer's termination and were, instead, made in response to her IPPEA case. (Dkt. 85 at 10.)

Plaintiffs do not dispute the law applicable to the liberty interest, stigma-plus claim as stated in the Court's Order. (Dkt. 77, 81, 86.) They instead disagree with this Court's application of the law to the facts and circumstances of this case. Specifically, this Court's conclusion that the statements made by City officials and others in separate judicial proceedings do not support Plaintiffs' liberty interest, stigma-plus claim because they were made in response to Ms. Hammer's IPPEA case. (Dkt. 71 at 12-13.) In reaching that conclusion, the Court considered both *Bishop* and *Loehr*. The Court has now reviewed its prior ruling as well as the case law cited to by Plaintiffs in their Motions for Reconsideration. Having done so, the Court finds its prior ruling on this issue correctly decided the issue. The

ORDER - 5

instant Motions merely reargue the issue already presented to and decided by this Court. As such, the Court finds Plaintiffs have failed to show a basis for reconsideration under either Rule 59 or 60 exists in this case and the Motions are denied.

**2.      Factual Findings Regarding the Stigmatizing Statements**

Plaintiffs argue the Court erred by finding that numerous stigmatizing statements made by Sun Valley officials were merely reporting of the "goings-on" in Sun Valley. (Dkt. 77, 81, 86.) The Court, Plaintiffs assert, should have found that at least some, if not all, of the statements identified in the record are sufficiently stigmatizing to support a liberty interest, stigma-plus claim. Defendants respond that the Court's ruling granting summary judgment is correct. (Dkt. 85.)

The Court has reviewed the Plaintiffs' arguments, its prior Order, and the entire record herein. Having done so, the Court finds Plaintiffs' Motions re-argue the previously decided Motion for Summary Judgment and, therefore, do not provide an appropriate basis for reconsideration. *See* Fed. R. Civ. P. 59, 60. Plaintiffs have again stepped through the numerous statements they allege support their liberty interest, stigma-plus claim. All but a few of these statements were previously presented to and considered by the Court. (Dkt. 71.) Those few statements that were not previously presented are not "new" evidence because they existed at the time of the summary judgment motions. Regardless, the Court has considered the Plaintiffs' arguments on reconsideration and reviewed its Order and finds its ruling and conclusions are correct. The newly presented statements made in the Motions for Reconsideration are akin to and fall within the same groupings of statements discussed in the

ORDER - 6

Court's prior Order. (Dkt. 71 at 10.) Therefore, they do not necessitate a different outcome. The Motions to Reconsider are denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Plaintiffs' Motions for Reconsideration (Dkt. 77, 81) are **DENIED**.

Dated: **March 10, 2016**

Honorable Edward J. Lodge
United States District Judge

**ORDER - 7**