# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| SHARON R. HAMMER and JAMES R. DONOVAL, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SUN VALLEY; NILS RIBI, in his individual and official capacity; and DeWAYNE BRISCOE, in his individual and official capacity,<br><br>Defendants. | Case No.: 1:13-cv-211-EJL<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION TO RE-OPEN AND EXPAND DISCOVERY BASED ON WAIVER OF PRIVILEGES**<br><br>**(Docket No. 110)** |

Now pending before the Court is Plaintiffs' Motion to Re-Open and Expand Discovery Based on Waiver of Privileges (Docket No. 110). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## BACKGROUND

Plaintiff Sharon Hammer wants to re-open discovery, arguing that, (1) by attaching a Sun Valley internal disciplinary investigation report (the "Ball Report") in support of their Motion for Summary Judgment, Defendants waived any previously-asserted attorney client privilege and/or work product protection relating to the Ball Report; and (2) because the Ball Report is integral to several of Plaintiff's claims against Defendants, discovery should be re-opened to permit additional discovery surrounding the investigation leading up to the Ball Report, including the Ball Report itself. This action has a long history with many moving parts; however, for the purpose of resolving the current Motion, the relevant facts informing the instant dispute include:

**MEMORANDUM DECISION AND ORDER - 1**

1. Plaintiff initiated this action on May 3, 2013, asserting 14 Counts against Defendants, seeking relief under various federal and state statutes related to Plaintiff's termination as the Sun Valley City Administrator in January 2012. *See* Compl. (Docket No. 1).

2. On August 2, 2013, U.S. District Judge Edward J. Lodge entered a Scheduling Order, outlining a May 19, 2014 discovery deadline. *See* Sched. Order (Docket No. 13).

3. On February 5, 2014, Defendants filed a Motion for Judgment on the Pleadings pursuant to FRCP 12(c), requesting the dismissal of certain identified Counts within Plaintiff's Complaint. *See* Defs.' 12(c) Mot. for J. on the Pldgs. (Docket No. 18).

4. On June 17, 2014, Judge Lodge granted Defendants' Motion for Judgment on the Pleadings and dismissed Counts 1-8, 10, and 12-14 of Plaintiff's Complaint (leaving Counts 9 and 11 for trial). *See* 6/17/14 (Docket No. 41).

5. On June 18, 2014, in a factually-related case in Idaho state court (identified by Plaintiff as the "Ball Report Public Records Case"), Plaintiff and Defendant City of Sun Valley entered into a "Stipulation for Dismissal." wherein the parties addressed the Ball Report and agreed on the following terms:

> ¶ 5. Defendant City of Sun Valley recognizes that [the Ball Report] is a public record of the City but maintains that such record is exempt from a Public Records Request filed pursuant to I.C. § 9-342 upon the grounds that such report is attorney work product and, therefore, exempt from disclosure. the City will continue to maintain this position and will only release the report upon Court Order requiring it do so.
>
> ¶ 6. Both parties acknowledge that [the Ball Report] has been published and made available through the Idaho Mountain Express and is, therefore, in the public domain at the present time.
>
> ¶ 7. In the event that the City is ordered to release [the Ball Report] it will release, as well [a 28-page "Demand for Correction" in response to the Ball Report, a two-page letter

**MEMORANDUM DECISION AND ORDER - 2**

> from the Sun Valley City Attorney responding to the "Demand for Correction," and a one-page coversheet] contemporaneously, in one set of documents.

Stip., attached as Ex. M to Donoval Aff. (Docket No. 111, Att. 10).

6. On June 27, 2014, Defendants moved for summary judgment on Counts 9 and 11 of Plaintiff's Complaint. *See* Defs.' MSJ (Docket No. 47). In support thereof, Defendants attached as an exhibit (filed under seal) the Ball Report and its accompanying exhibits (259 pages). *See* Ball Rpt., attached as Ex. F to Briscoe Decl. (Docket No. 49).

7. On July 28, 2015, Judge Lodge granted Defendants' Motion for Summary Judgment, dismissed Counts 9 and 11 of Plaintiff's Complaint, and dismissed the case in its entirety. *See* 7/28/15 MDO & J. (Docket Nos. 71 & 72).

8. On August 11, 2015, Plaintiff filed a Motion for Reconsideration of Entry of Summary Judgment (amended on August 28, 2015) related to the dismissal of her liberty interest, stigma plus claims (Count 9). *See* Mots. to Recon. (Docket Nos. 77 & 81).

9. On August 27, 2015, Plaintiff filed a Notice of Appeal, appealing Judge Lodge's above-referenced June 17, 2014 and July 28, 2015 Orders (granting Defendants' Motion for Judgment on the Pleadings and Motion for Summary Judgment). *See* Not. of Appeal (Docket No. 80).

10. On January 29, 2016, Defendants issued a Notice of Intent to Subpoena Documents from Third-Party, informing Plaintiff's counsel that, on February 1, 2016, Defendants intended to serve non-party Hagen, Streiff, Newton & Oshiro ("HSNO") a subpoena for production of documents. *See* Not. of Intent to Subpoena Docs. from Third-Party, attached as Ex. D to Emergency Mot. to Quash Third-Party Subpoena (Docket No. 87, Att. 1). HSNO is an accounting firm that Plaintiff sued for defamation in a separate case in Idaho state court related to allegedly-false statements made in a forensic audit report issued by HSNO pertaining

**MEMORANDUM DECISION AND ORDER - 3**

to Plaintiff's conduct as the Sun Valley City Administrator. *See* Emergency Mot. to Quash Third-Party Subpoena, p. 3 (Docket No. 87).

11. On February 1, 2016, Plaintiff filed an Emergency Motion to Quash Third-Party Subpoena, requesting that Defendants' subpoena to HSNO be quashed. *See id*. at p. 5 ("As (a) the entire case herein has been dismissed subject only to the Motion to Reconsider, (b) all discovery in the matter has been closed since at least May 14, 2014, and (c) the documents being sought by the Defendant are subject to the confidentiality provision of the Settlement Agreement, [Plaintiff] seeks that the Court quash the Subpoena pursuant to its authority under FRCP 45.").

12. On March 10, 2016, Judge Lodge denied Defendants' above-referenced Motions for Reconsideration. *See* 3/10/16 MDO (Docket No. 94).

13. On May 11, 2016, Defendants withdrew their subpoena to HSNO, indicating nonetheless that they "do not intend to waive any right to re-issue the subpoena if it becomes necessary to do so based on arguments made by Plaintiff in the pending appeal." Defs.' Not. of Withdrawal of Third-Party Subpoena, p. 1 (Docket No. 99). That same day, the Court denied Defendants' Emergency Motion to Quash Third-Party Subpoena as moot. *See* 5/11/16 Docket Entry Order (Docket No. 100).

14. On August 11, 2017, the Ninth Circuit, affirmed, in part, reversed, in part, and remanded the action back to this Court, stating:

> To conclude, we affirm the district court's grant of the 12(c) motion; the denial of Hammer's motion to convert; and the denial of Hammer's motion to amend. We reverse the district court's judgment of Hammer's unconstitutional bias claim; liberty interest, stigma plus claim; the claims against Ribi and Briscoe in their individual capacities; Donoval's claim; and the entry of costs. . . . .
>
> **AFFIRMED in part, REVERSED in part, and REMANDED.**

8/11/17 Mem., p. 4 (Docket No. 104) (emphasis in original).

**MEMORANDUM DECISION AND ORDER - 4**

15. On October 5, 2017, Judge Lodge directed the parties "to confer with one another and jointly file a notice with the Court indicating how the parties would propose or intend to proceed in light of the Ninth Circuit's decision." 10/5/17 Order, p. 1 (Docket No. 107).

16. On November 1, 2017, the parties filed a Joint Notice of Intent to Proceed. *See* Joint Not. (Docket No. 108). Relevant here, the parties' Notice spoke to the need for "additional discovery," stating:

> Previously, Defendants filed a third-party subpoena to HSNO seeking supplemental materials that did not exist during the original period of discovery that Plaintiffs moved to quash. Ultimately, Defendants withdrew that subpoena due to the Court dismissing Plaintiffs' motion for reconsideration. Now that the mandate has revived certain claims, the parties have agreed that the subpoena can now proceed without objection, and the discovery can be produced by HSNO. Further, any depositions or supplemental discovery pertaining to the subject matter of the HSNO subpoena would also be permitted.
>
> The period to complete this relevant discovery would be six months from the date of the Court's new scheduling order.

*Id*. at pp. 1-2. Although the Notice also referenced future dispositive motions, mediation or ADR, and a request for a trial setting, neither party indicated the need for any additional discovery beyond that related to HSNO. *See generally id*.

17. On November 22, 2017, Judge Lodge issued an Amended Scheduling Order, memorializing the parties' preferences as relayed in the Notice and indicating that "[t]he additional discovery anticipated and as stated in the Notice shall be completed by May 22, 2018." *See* 11/22/17 Am. Sched. Order, p. 1 (Docket No. 109).

18. On January 30, 2018, Plaintiff filed the at-issue Motion, requesting that discovery be re-opened – specifically as to the Ball Report – because Defendants waived any privilege and/or protection concerning the Ball Report when they included it and its related documents alongside their June 27, 2014 Motion for Summary Judgment. *See* Pl.'s Mem. in Supp. of Mot. to Re-Open and Expand Disc., p. 13 (Docket No. 110, Att. 1) ("Because the privileges were

**MEMORANDUM DECISION AND ORDER - 5**

waived after the close of discovery, discovery related to the Hammer Investigation, Investigator Ball and the Ball Report should be re-opened to allow the Defendants to supplement their disclosures and to allow for additional discovery and depositions.").[1] Defendants object to these efforts, countering that (1) Plaintiff failed to include the need to conduct discovery regarding the Ball Report within the parties' November 1, 2017 Joint Notice of Intent to Proceed following remand from the Ninth Circuit; (2) Plaintiff's request to re-open discovery is untimely because the Ball Report-related documents filed in conjunction with Defendants' Motion for Summary Judgment had already been produced to Plaintiff on October 31, 2013; (3) Plaintiff waived any argument to Defendants' use of the Ball Report and its related documents when responding to Defendants' Motion for Summary Judgment (but failing to raise the issue); and (4) there is no waiver that would justify the re-opening of discovery regardless. *See generally* Defs.' Resp. to Mot. to Re-Open Disc. (Docket No. 113).

## DISCUSSION

At its core, Plaintiff's Motion is an attempt to amend the August 2, 2013 Scheduling Order and extend the May 19, 2014 discovery deadline referenced therein to allow for the discovery she now seeks. Modifying scheduling orders requires a showing of "good cause." *See*

---

[1] To the extent Plaintiff argues that Defendants waived any privilege/protection concerning the Ball Report *because* they didn't follow the June 18, 2014 Stipulation submitted in the Ball Report Public Records Case, the argument is misplaced. *See* Pl.'s Mem. in Supp. of Mot. to Re-Open and Expand Disc., p. 6 (Docket No. 110, Att. 1) ("The submission of the Ball Report to this Court in support of the Defendants' request for the entry of summary judgment was not required to be submitted by order of this Court, thus making the disclosure of the Ball Report a direct violation of the Stipulation that had been entered into in the Ball Report Public Records Case just nine (9) days earlier. In addition, the Defendants failed to include the Hammer Ball Report Objections in the pleadings that were mandated by the Stipulation in the Ball Report Public Records Case to be also disclosed if the Ball Report was ever released."). To be clear, a violation of the Stipulation in the Ball Report Public Records Case is just that – a violation; it does not inform the separate issue of whether a waiver of privilege/protection took place, owing to that violation. Said another way, had Defendants complied with the Stipulation's terms, Plaintiff's waiver arguments would remain intact.

**MEMORANDUM DECISION AND ORDER - 6**

Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). FRCP 16(b)(4)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If a pretrial schedule cannot be met despite the diligence of the party seeking an extension of time, the Court may modify its scheduling order. *See* Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) (good cause means scheduling deadlines cannot be met despite the party's diligence). Carelessness is not good cause for extending a discovery deadline. *See Johnson*, 975 F.2d 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification[;] [i]f that party was not diligent, the inquiry should end." *Id*. (citations omitted). Moreover, where a motion is made to extend a deadline *after* the deadline has expired, the movant must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Here, Plaintiff moved to extend the (original) May 19, 2014 discovery deadline on January 30, 2018;[2] as such, Plaintiff must show not only good cause for the extension under FRCP 16(b)(4), but also that any delay in so moving for the extension was the product of excusable neglect under FRCP 6(b)(1)(B). In other words, part of the good cause showing generally required by this Court includes an explanation for why a timely request to extend the

---

[2] It is apparent that Plaintiff is attempting to extend the May 19, 2014 discovery deadline (as outlined in the August 2, 2013 Scheduling Order), and not the May 22, 2018 deadline to conduct additional discovery (as outlined in the November 22, 2017 Amended Scheduling Order), because (1) otherwise, there would be nothing to "re-open" in that her January 20, 2018 Motion preceded the May 22, 2018 deadline by over four months, and (2) the May 22, 2018 deadline applied only to the HSNO-related discovery. *See supra*.

**MEMORANDUM DECISION AND ORDER - 7**

discovery deadline *could not* have been made before May 19, 2014 – i.e., excusable neglect.[3]

Plaintiff has not met this burden for at least three reasons.[4]

First, Plaintiff and her counsel had the same Ball Report-related materials filed in support of Defendants' June 27, 2014 Motion for Summary Judgment (in this case) as early as October 31, 2013 (albeit in relation to a different, but still unquestionably related, state court case).[5] *See* Naylor Decl. in Supp. of Defs.' Resp. to Mot. to Re-Open Disc. at ¶ 5 (Docket No. 113, Att. 1) ("The pages at issue here, Ball 1-259, which were filed under seal in Defendants' summary judgment motion pursuant to that protective order, were first disclosed on October 31, 2013 [(in

---

[3] These concepts – good cause (informed by a party's diligence (*see supra*)) and excusable neglect – unquestionably overlap when understanding that excusable neglect requires consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates P'ship*, 507 U.S. 380, 395 (1993)). Whether it is possible to have good cause but not excusable neglect (or vice versa) is not examined here; suffice it to say, based upon the record now before the Court, neither good cause, nor excusable neglect exists for the purpose of re-opening discovery.

[4] Because good cause is lacking to amend the August 2, 2013 Scheduling Order and extend the May 19, 2014 discovery deadline in the first place, the Court need not address the issues raised by Plaintiff's related (but still distinct) arguments for doing so – namely, whether Defendants actually waived any privileges/protections when they either previously produced the Ball Report materials, or attached the Ball Report materials to their June 27, 2014 Motion for Summary Judgment. *See, e.g.*, *Cortex v. Republic Mortg., LLC*, 2016 WL 7888018, at *1 (D. Nev. 2016) ("Cortes' arguments in favor of reopening discovery are unpersuasive. Cortes cites to no authority that supports her position that discovery should be reopened; rather she reiterates why she believes she is entitled to responsive documents. *Cortes's arguments might have been appropriate as part of a motion to compel . . . . They do not constitute 'good cause' in a motion to reopen discovery*.") (emphasis added).

[5] Still, Defendants produced these same materials to Plaintiff *in this case* approximately two weeks later on November 15, 2013. *See* Naylor Decl. in Supp. of Defs.' Resp. to Mot. to Re-Open Disc. at ¶ 7 (Docket No. 113, Att. 1) ("In the current action, the Plaintiffs issued a subpoena to Ms. Ball on October 18, 2013, generally seeking any and all documents related to her investigation. In response, and on behalf of Mrs. Ball, on November 15, 2013, Defendants disclosed duplicates of the documents previously disclosed on October 31, 2013 in the state case CV-2012-479, after the parties agreed on a similar protective order regarding the confidentiality of those documents in this action.").

**MEMORANDUM DECISION AND ORDER - 8**

response to Plaintiff's May 6, 2013 subpoena to Ms. Ball "generally seeking any and all documents related to her investigation")]."). Yet, despite having this material in the several months leading up to the May 19, 2014 discovery deadline, Plaintiff failed to pursue the additional discovery she now seeks via the same waiver arguments she now wants this Court to consider.

Second, when Defendants included the Ball Report materials in their June 27, 2014 Motion for Summary Judgment, Plaintiff had the opportunity at that time to move to re-open the discovery period that had closed only a month prior. However, not only did Plaintiff's July 22, 2014 response to Defendants' Motion for Summary Judgment not incorporate any of the waiver arguments she now offers up, she never moved to re-open discovery (or amend the Scheduling Order to extend the discovery deadline to accommodate additional discovery) until almost four years later when she filed the instant Motion.

Third, following remand from the Ninth Circuit in August 2017, the parties had an opportunity to present proposals to Judge Lodge for moving the case forward in light of the Ninth Circuit's decision reviving certain of Plaintiff's claims. But, again, Plaintiff did not raise the issue of re-opening discovery based upon Defendants' prior conduct relating to their Motion for Summary Judgment and/or the Ball Report. Rather, in November 2017, the parties jointly submitted a proposal speaking to the "additional discovery" needed before proceeding to trial, which Judge Lodge adopted. *See supra*. That additional discovery related only to HSNO, not the Ball Report. *See id*.

The Court has sought to glean from this extensive record any possible support that might exist for Plaintiff's motion. But, after doing so, it cannot be said that either good cause exists to amend the Scheduling Order and permit discovery beyond the original May 19, 2014 discovery deadline, or that any delay in so moving for such relief amounts to excusable neglect. Without

**MEMORANDUM DECISION AND ORDER - 9**

concluding that each reason listed above alone is sufficient for denying Plaintiff's Motion, there is no question but that the combination of such reasons indicates that Plaintiff's latest attempt at exploring the depths of the Ball Report is a creative afterthought, driven by arguments that may or may not have traction, but were raised too late regardless.

Accordingly, and in the exercise of its discretion, the Court concludes that whatever neglect existed by way of Plaintiff only now moving to re-open discovery and/or to amend the Scheduling Order, it is not excusable. This is a firm line, but not an inequitable line, for the reason that cases must be managed in a sensible manner to move them forward and that in doing so "findings of excusable neglect should be reserved for extraordinary cases presented by unique or extraordinary circumstances." *Vanorden v. Bannock Co.*, 2015 WL 2193803, at *3 (D. Idaho 2015). Simply put, the record does not support such a finding here. Plaintiffs' Motion to Re-Open and Expand Discovery Based on Waiver of Privileges (Docket No. 110) is denied.

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Re-Open and Expand Discovery Based on Waiver of Privileges (Docket No. 110) is DENIED.

DATED: August 20, 2018

_____
Ronald E. Bush
Chief U.S. Magistrate Judge