UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHARON R. HAMMER and JAMES R. DONOVAL, husband and wife,

Plaintiffs,

v.

CITY OF SUN VALLEY; NILS RIBI, in his individual and official capacity; and DEWAYNE BRISCOE, in his individual and official capacity,

Defendants.

Case No. 1:13-cv-00211-EJL

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Pending before the Court in the above-entitled matter is Plaintiff Sharon R. Hammer's Motion for Summary Judgment. (Dkt. 115.) The responsive briefing has been filed and the Motion is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record without a hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Sharon R. Hammer and James R. Donoval, husband and wife, filed a Complaint against Defendant City of Sun Valley ("Sun Valley" or "the City") as well as Defendants Nils Ribi and DeWayne Briscoe in both their individual and official capacity. (Dkt. 1.) The Complaint raised fourteen claims relating to allegations concerning events occurring during and after Ms. Hammer's employment as the City Administrator of Sun Valley from June 1, 2008 until January 19, 2012. (Dkt. 1.)

On June 17, 2014, the Court granted Defendants' Motion for a Judgment on the Pleadings dismissing Counts 1-8, 10, and 12-14. (Dkt. 41, 70.)[1] The Court later granted summary judgment in favor of Defendants on the remaining counts and Judgment was entered in favor of Defendants. (Dkt. 71, 72.) On appeal, as relevant to this Motion, the Ninth Circuit reversed the Court's dismissal of Hammer's "unconstitutional bias claim, the dismissal of the claims against Nils Ribi and DeWayne Briscoe in their individual capacity….to clarify the grounds for the district court's dismissal because we are unable to determine the reasoning as to why these claims were dismissed." (Dkt. 104.)

The case was re-opened and Hammer filed the instant Motion for Summary Judgment as to Count 8 of the Complaint – the unconstitutional bias claim. (Dkt. 115.) The Court finds as follows.

---

[1] The full recitation of the factual basis of this matter contained in that Order is incorporated herein. (Dkt. 41.)

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "material" if it affects the outcome of the litigation and may be considered "genuine" if it is established by "sufficient evidence supporting the claimed factual dispute…to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)); *see also British Motor Car Distrib. v. San Francisco Auto. Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

Under Rule 56, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete[] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

In order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with

> respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car*, 882 F.2d at 374 (citation omitted). When applying this standard, the court views all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## ANALYSIS

Hammer seeks summary judgment against all of the Defendants on Count 8 of the Complaint which raises a § 1983 claim alleging unconstitutional bias deprivation of property in violation of her due process rights under the Fifth and Fourteenth Amendments. (Dkt. 1 at ¶¶ 408-417) (Dkt. 115.)

### 1. The Section 1983 Claim Against the City of Sun Valley

Hammer began her employment as the City Administrator on June 1, 2008 pursuant to the terms of a written Employment Agreement. (Dkt. 1-5, Ex. 4.) Hammer worked in that capacity until January of 2012. During that time, Hammer alleges she was repeatedly and continually harassed by Ribi. Hammer reported the incidents to City authorities and claims she was retaliated against for those reports in various ways and, ultimately, terminated in January of 2012.

This Court previously concluded, as a matter of law, that Hammer waived and/or released "any and all" existing claims arising from her termination under the terms of her

written Employment Agreement and the Supplemental Release of Claims. (Dkt. 41.)[2] The Ninth Circuit affirmed the Court's conclusion that the Supplemental Release was unambiguous and that Hammer waived any and all claims for damages arising from her termination against the City. (Dkt. 104.) Therefore, to the extent Hammer's Motion seeks summary judgment against the City on the unconstitutional bias claim, the Motion is denied. That claim has been waived and/or released as to the City. (Dkt. 41, 104.) Moreover, for the reasons stated below, the Court grants summary judgment in favor of the City on Count 8 because the claim was waived as a matter of law. *Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014) ("[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party.") (citing cases).

**2. The Section 1983 Claim Against Defendants Ribi and Briscoe**

Hammer argues summary judgment should be entered on her § 1983 unconstitutional bias claim against Defendants Ribi and Briscoe because there are no genuine issues of material fact that the Defendants were bias towards her when they participated in the decision to terminate her employment in violation of her due process rights. (Dkt. 116.)

---

[2] On January 23, 2012, Hammer signed the Supplemental Release of Claims which states: "Upon payment of the severance payment required pursuant to Section 3.A. of the City Administrator Employment Agreement dated June 1, 2008, I release the City of Sun Valley for any claims defined in Section 3.A. of the City Administrator Employment Agreement as were intended when the City Administrator Employment Agreement was entered into on June 1, 2008." (Dkt. 11-1, Ex. A.)

The Fourteenth Amendment to the United States Constitution protects individuals from the deprivation of liberty or property by the government without due process. To establish a § 1983 claim, a plaintiff "must show that an individual acting under the color of state law deprived him [or her] of a right, privilege or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F .3d 903, 905 (9th Cir. 2008) (citation omitted). Section 1983 claims based on procedural due process violations requires a plaintiff to first show he or she had a protected property interest under the Due Process Clause and then establish that a person acting under color of state law deprived plaintiff of their constitutionally protected property interest without sufficient procedural safeguards. *Buckingham v. Sec. of U.S. Dept. of Agr.*, 603 F.3d 1073, 1081 (9th Cir. 2010). The claim thus contains three elements: (1) a liberty or property interest protected by the United States Constitution; (2) a deprivation of that interest; and (3) a denial of adequate procedural protections. *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 974 (9th Cir. 2002) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

Defendants argue summary judgment should be denied because Hammer has failed to establish that she was deprived of a constitutionally protected interest or a basis for liability against either Ribi or Briscoe. (Dkt. 123.)[3] Hammer maintains she had a protected property interest in her continued employment. (Dkt. 116, 126.) The Court finds Hammer

[3] Defendants raise other arguments in their response brief which the Court need not address because its finding that Hammer failed to show she had a protected property interest is dispositive. (Dkt. 123.)

has failed to make the threshold showing on her § 1983 due process claim that she possessed a property interest deserving of constitutional protection.

"An individual 'has a constitutionally protected property interest in continued employment ... if he [or she] has a reasonable expectation or a 'legitimate claim of entitlement' to it, rather than a mere 'unilateral expectation.'" *Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) (citation omitted). Such claim may be based upon a rule or policy that secures an interest in continued employment or that creates a legitimate claim to it. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577-78 (1972). The Due Process Clause does not create substantive property rights; property rights are defined instead by reference to state law. *Portman*, 995 F.2d at 904.

"To have a property interest in employment in Idaho, the employee must have more than a mere hope of continued employment" *Tiffany v. City of Payette*, 825 P.2d 493, 500 (Idaho 1991) (citation omitted). The general rule in Idaho is that employment is presumptively at-will and the employer may terminate the relationship at any time for any reason without incurring liability. *Nix v. Elmore Cnty.*, 346 P.3d 1045, 1052 (Idaho 2015) ("without a contractual agreement limiting a party's right to terminate the employment relationship, either party may terminate it at any time or for any reason without incurring liability."). The at-will presumption is rebuttable by either an express or implied limitation upon a party's right to terminate the employment relationship. *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 388 (Idaho 2005).

"An employee hired pursuant to a contract which specifies the duration of the

employment, or limits the reasons for which the employee may be discharged is not an employee at will." *Tiffany*, 825 P.2d at 500 (quoting *Harkness v. City of Burley*, 715 P.2d 1283, 1286 (Idaho 1986) (citation and marks omitted); *see also Sorensen v. Comm Tek, Inc.*, 799 P.2d 70, 72 (Idaho 1990). An implied limitation exists when a reasonable person would conclude from all the circumstances surrounding the relationship that both parties intended to limit the other party's right to terminate the relationship. *Jenkins*, 108 P.3d at 388; *see also Nix*, 346 P.3d at 1052 ("courts may imply a limit to the at-will employment presumption where the circumstances surrounding the employment relationship could cause a reasonable person to conclude that the parties intended a limitation on discharge.") "Statements made and policies promulgated by the employer, whether in an employment manual or otherwise, may give rise to such an implied-in-fact agreement." *Bollinger v. Fall River Rural Elec. Co-op*, 272 P.3d 1263, 1269 (Idaho 2012).

Hammer argues she had a property interest in her continued employment as the City Administrator because her Employment Agreement was renewed annually each year and was not due to expire until June of 2012 and, therefore, she was a contractual term employee, not an at-will employee. (Dkt. 116, 126.) Defendants contend Hammer was an at-will employee under the terms of her Employment Agreement and was fired under the "without cause" provision of the contract and, therefore, had no constitutionally protected property interest in continued employment. (Dkt. 123.) The Court finds Hammer was an at-will employee.

The City's Personnel Policies and Procedures Manual effective at the time of

Hammer's employment stated as follows:

> Section 1.4: All Employees of the City are Employees "At Will" and may be terminated at any time without or without cause.
>
> Section 1.5: "The City may enter into written employment agreements with any Employee. The provisions of any employment agreement shall supercede this Manual in the event of a conflict."

(Dkt. 1-1 at Sections 1.4, 1.5.) Under the original 2008 Employment Agreement, Hammer was an at-will employee who could be terminated or resign at any time for any reason. (Dkt. 1-5 at Sections 2 and 3.) Hammer later signed an Employment Agreement Extension which provided:

> SECTION 1. TERM
>
> The term of the Employment Agreement Extension is one year commencing on June 1, 2009 and fully incorporates all terms of the Employment Agreement, originally executed by the Parties and effective on June 1, 2008, and this Employment Agreement Extension.
>
> SECTION 2. EMPLOYMENT
>
> The Employment Agreement shall automatically renew on its anniversary date (June 1st) for a period of one (1) year hereinafter unless notice that the Agreement shall terminate is given at least sixty (60) days before the expiration date. [I]n the event the Agreement is not renewed, all compensation, benefits and requirements of the Employment Agreement shall remain in effect until the expiration of the term of the Employment Agreement unless Employee voluntarily resigns.

(Dkt. 1-6.) Based on the foregoing, Hammer was an at-will employee. Hammer's employment was subject to and she was in fact fired pursuant to the "without cause" termination provision. (Dkt. 41, 104.) The Court disagrees with Hammer's argument that the Employment Agreement Extension's automatic annual renewal provision made her employment a "term" or "of a specified duration," i.e. a one-year term contract subject to

renewal annually that was not due to expire until June of 2012, such that she was not longer an at-will employee. (Dkt. 1-6, Section 1.)

The Employee Agreement Extension's automatic annual renewal provision was subject to the Employment Agreement's "without cause" termination provision. (Dkt. 1-5 at Section 3.A.) As such, Hammer could be, and in fact was, terminated "at any time [or] for any reason without creating liability." *Edmondson v. Shearer Lumber Products*, 75 P.3d 733, 737 (Idaho 2003). That is the very definition of "at will" employment. *See e.g. Narayan v. EGL, Inc.*, 616 F.3d 895, 903 (9th Cir. 2010) (applying California state law in holding that contracts containing automatic renewal clauses that could be terminated by either party upon thirty- days' notice or upon breach of the agreement were a "substantial indicator of an at-will employment relationship"); *Flores v. Velocity Express, LLC*, 250 F.Supp.3d 468, 491 (N.D. Cal. 2017) (same); *Skeets v. Johnson*, 816 F.2d 1213, 1215 (8th Cir. 1987) (applying Arkansas state law holding automatic renewal of one-year employment contracts created no expectation of continued employment). The "mere expectation that employment will continue does not create a property interest." *Portman*, 995 F.2d at 904. For these reasons, the Court concludes, as a matter of law, that Hammer was an at-will employee.

The Court further rejects Hammer's argument that the public policy exception to the at-will doctrine provided her with a property interest in her employment. (Dkt. 126 at 8-9.) Idaho has long recognized "'a narrow exception to the at-will employment presumption where the employer's motivation for the termination contravenes public

policy.'" *Venable v. Internet Auto Rent & Sales, Inc.*, 329 P.3d 356, 361 (Idaho 2014) (quoting *Bollinger*, 272 P.3d at 1271). To bring a successful claim under the public policy exception, the employee must show that she was engaged in a legally protected activity and that there is a causal relationship between her engagement in the protected activity and her termination. *Bollinger*, 272 P.3d at 1271. Protected activities include: "(1) refusing to commit an unlawful act, (2) performing an important public obligation, or (3) exercising certain legal rights and privileges.'" *Venable*, 329 P.3d at 361.

Hammer argues her reports and disclosures of Ribi's harassing conduct were protected activities that motivated the termination of her employment. Even if Hammer was engaged in a protected activity, however, the public policy exception does not give rise to a protected property interest for purposes of the due process clause. *See Summers v. City of McCall*, 84 F. Supp. 3d 1126, 1148 (D. Idaho 2015). While the termination of an at-will employee's employment in violation of state public policy may give rise to a cause of action under state law, it does not create a property interest for due process purposes. *See Bennett v. Watters*, 260 F.3d 925, 929 (8th Cir. 2001) ("The right not to be discharged in violation of the State's public policy is not a property interest for procedural due process purposes. It is a substantive right, the violation of which gives rise to a substantive claim under state law...."); *Summers*, 84 F. Supp. 3d at 1148 ("[T]he public policy exception does not give rise to a protected property interest in continued employment[.]"); *Reitz v. Persing*, 831 F. Supp. 410, 414 (M.D. Pa. 1993) (The public policy exception "creates no property interest in what is otherwise at-will employment. Rather, the public policy exception allows

an employee whose discharge threatens public policy to remedy the improper dismissal by bringing a tort action in wrongful discharge."). The cases cited by Hammer in her reply brief arguing to the contrary are inapposite. (Dkt. 126.) Accordingly, even if Hammer was engaged in a protected activity for purposes of the public policy exception, that does not establish a protected property interest for procedural due process purposes as required for her § 1983 claim.

For these reasons, the Court concludes that Hammer has not shown she had a protected property interest in her continued employment. Because Hammer has failed to make that threshold showing necessary for her claim in Count 8 as a matter of law, the Court finds summary judgment should be entered in favor of the Defendants for the reasons stated below.

**3. Summary Judgement for Defendants**

The Court grants summary judgment in favor of the Defendants on Count 8. It is well established that "where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." *Albino*, 747 F.3d at 1177 (citing cases); *see also Kassbaum v. Steppenwolf Productions, Inc.*, 236 F.3d 487, 494 (9th Cir. 2000); *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had

to come forward with all of her evidence."). In this case, the record is sufficiently developed to permit the Court to consider awarding summary judgment to Defendants on this claim.

It has already been decided as a matter of law that Hammer waived her right to bring Count 8 against the City in the Supplemental Release of Claims. (Dkt. 41, 104.) Therefore, it is appropriate to dismiss Count 8 as to the City as a matter of law.

As to Defendants Ribi and Briscoe, given the prior rulings in this matter and the arguments by Defendants, Hammer was on notice that her § 1983 claim was dependent upon her being able to establish a protected property interest in her continued employment; including showing she was not an at-will employee. (Dkt. 41, 104, 123.) That Hammer was terminated "without cause" has been raised, argued, and decided by this Court and affirmed on appeal. (Dkt. 41, 104.) Moreover, Hammer addressed the issue in her briefing on summary judgment. (Dkt. 116, 126.) Thus, Ms. Hammer had reasonable notice of the issue and an adequate opportunity to rebut the same. *See Kassbaum*, 236 F.3d 494 ("if a court concludes that a non-moving party is entitled to judgment, great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his [or her] opponent is not entitled to judgment as a matter of law.") (citations and marks omitted). Hammer has not shown she has a constitutionally protectable property interest in her continued employment. Because Hammer has failed to establish the existence of any genuine issue of material fact going to show she was not an at-will employee and/or that she had a protectable property interest, the Court finds her § 1983 due process claim fails as a matter of law. For these reasons, summary judgment is granted

in favor of Defendants on Count 8.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED Plaintiff Sharon R. Hammer's Motion for Summary Judgment (Dkt. 115) is **DENIED**.

IT IS FURTHER ORDERED that Summary Judgment is **GRANTED** in favor of Defendants on Count 8. Count 8 is **HEREBY DISMISSED IN ITS ENTIRETY AS TO ALL DEFENDANTS**.

DATED: October 23, 2018

Honorable Edward J. Lodge
U.S. District Judge